### PROXIMATE CAUSE OF DROWNING FROM A DOCK.

Circuit Court of Cuyahoga County.

THEODORE C. BENDER, ADMINISTRATOR OF THE ESTATE OF FRANK
PESTA, DECEASED, V. MARCUS A. HANNA ET AL.

Decided, November 10. 1905.

*Negligence—Evidence, When Insufficient.*

Where the evidence as to the physical cause of an accident is largely
inferential and would lead to an equally natural inference pre-
cluding negligence, it is the duty of the trial judge to withdraw
the case from the consideration of the jury.

*H. F. Payer, M. B. Excell* and *R. M. Morgan,* for plaintiff in
error.

*E. K. Wilcox,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action brought by plaintiff, as administrator of
Frank Pesta, to recover damages for the death of the latter,
alleged to have been caused by the negligence of defendants.

At the conclusion of plaintiff's evidence, the trial judge sus-
tained a motion of the defendants to direct a verdict in their
favor.

It appears that Pesta on the night he met his death was en-
gaged with others in unloading a vessel moored at the defend-
ant's dock; having finished his task he left the boat with about
a hundred others, and some twenty minutes later was seen
struggling in the water, about one hundred feet from where he
left the boat, and was drowned.

There was evidence tending to show that there were no lights
on the dock and that the night was very dark. Nobody saw
Pesta fall into the water and there was no evidence tending to
show how he got into it.

Counsel for plaintiff in error claim that the failure of defend-
ants to light the premises was the proximate cause of Pesta's
death.

Quoting from their brief:

"On this point, the testimony showed without any question whatever, that Pesta got off the boat onto the dock, picked up his tools and started for home. Within one hundred feet or so of the place where seen just before falling, he was next seen in the water and was there drowned.

"The testimony tended to show that the man was in a position where, on the one side he was confronted with a net work of tracks covered with cars moving, or liable to move at any time. On the other side, the dock amounted to a dangerous precipice, with the water at the bottom. A mis-step in one side would precipitate him into the water; or a car might run over him on the other side. He fell into the water. It was so dark that a man could not see more than two or three feet in front of him. There is absolutely nothing in the case from which contributory negligence can be inferred. Suicide is out of the question. A case is tried on the probabilities. The plaintiff's theory is that Pesta stepped or fell off the dock on account of stumbling or losing his footing in some way in the darkness. What other theory is possible? None."

We think that upon this statement of the case by counsel, the judgment of the common pleas court must be affirmed.

If it be true that there is absolutely nothing in the case from which contributory negligence can be inferred, it is equally true that there is absolutely nothing in the case from which the negence of defendants can be inferred. Both knew, or had equal means of knowing, that it was dark and dangerous upon the dock that night.

Until some fact, besides the darkness, is shown, which explains how Pesta came to be in the water, nobody will know whose fault it was that he got there.

The trial judge rightly refused to let the jury guess upon the subject. *Railway Co.* v. *Andrews,* 58 O. S., 426; *Railway Co.* v. *Marsh,* 63 O. S., 236; *United States* v. *Ross,* 92 U. S., 281; *Gerwe* v. *Consolidated Fireworks Co.,* 12 C. C., 420; *Connell* v. *Miller, etc., Mfg. Co.,* 19 Bull., 22.

Judgment affirmed.